UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAMES EDWARD BOYLE, ET AL | CIVIL ACTION |
| VERSUS | NUMBER: 11-3192 |
| BRUCE GREENSTEIN, ET AL | SECTION: "B" |

## ORDER AND REASONS

Before the Court is Defendants Bruce Greenstein, Kathy Kliebert, Nancy Baker, Bonnie Callahan, Pat Nielsen, and Easter Seals Louisiana's (collectively "Defendants") Motion to Dismiss. (Rec. Doc. No. 19). In response, Plaintiffs James and Janis Boyle ("Plaintiffs") submitted a Memorandum in Opposition to Motion to Dismiss (Rec. Doc. No. 21). Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that Defendant's Motion to Dismiss be **GRANTED** without prejudice.

## PROCEDURAL HISTORY

On December 30th, 2011, Plaintiffs[1] filed a complaint against Defendants, in the Defendants' official capacities as employees of the Department of Health and Hospitals ("DHH"), the Office for Citizens with Developmental Disabilities ("OCDD"), Easter Seals, Louisiana, and Ms. Nielsen in her personal capacity, alleging violations of the Americans with Disabilities

---

[1] Plaintiffs were residents of Louisiana while enrolled in Louisiana Children's Choice Waiver program

Act ("ADA"), Section 504 of the Rehabilitation Act ("Rehabilitation Act"), and 42 U.S.C. §1983. (Rec. Doc. No. 1).

The claims purportedly stem from a series of events involving payment for Plaintiffs' daughter's medical care. (Rec. Doc. No. 1). Plaintiffs have a 13 year-old daughter, Diana, who has been diagnosed with cerebal palsy with spastic quadriplegia and hypertonicity. *Id.* Plaintiffs are enrolled in the Louisiana Children's Choice waiver program, which offers family training for developmentally-disabled persons as a benefit. *Id.* In 2008 and 2009, Plaintiffs made four funding requests for family training programs, including a program that the family attended at the Pediatric Family Fitness Center in Michigan. *Id.* All four requests were denied. *Id.* Plaintiffs also obtained a prescription for Diana's Michigan treatment program and submitted it to Medicaid for reimbursement, from which they allege they have never received a response. *Id.* In addition, Plaintiffs contend they submitted Freedom of Information Act requests for documentation regarding how many family training funding requests the Louisiana DHH has granted, but that the request was denied on the grounds that the documents contained confidential information. *Id.*

Plaintiffs request declaratory and injunctive relief, monetary damages, attorney's fees, and costs from Defendants. *Id.* at 26.

2

**CONTENTIONS OF THE MOVANT**

Defendants filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) asserting that the causes of action urged by Plaintiffs have prescribed. (Rec. Doc. No. 19-2). In their Motion to Dismiss, Defendants state that the prescription period for claims under the Americans with Disabilities Act, Section 504 of the Rehabilitation Act, and 42 U.S.C. § 1983 is one year, and that accrual began as soon as Plaintiffs were notified of the denial of the claims. *Id.* Because the funding denials happened in 2008 and 2009, Defendants argue, the claims had prescribed when the complaint was filed on December 30, 2011. *Id.*

**CONENTIONS OF THE RESPONDENT**

Plaintiffs respond with three arguments: (1) the prescription period for these claims should be governed by the Medicaid Act's three-year period of limitations for submission of medical claims by insurance companies, or alternatively by La.R.S. 46:446.6[2]; (2) Defendants refusal to allow prior authorization of medical care and failure to respond to requests constituted a "pattern and practice" of discriminatory behavior that includes events beyond the denials of funding; and (3) even

---

[2] The state statute implementing the Medicaid Act, which also has a three-year submission period for insurance claims.

if the one-year prescription period applies, because the pattern and practice equate to a continuing violation the action has not prescribed. (Rec. Doc. No. 21).

## LAW AND ANALYSIS

### I. Standard of Review

When reviewing a motion to dismiss, courts must accept all well pleaded facts as true and view them in the light most favorable to the non-moving party. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). However, "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp v. Twombly*, 550 U.S. 554, 555, 127 S.Ct. 1955, 167 L.Ed. 2d 929 (2007). "To survive a motion to dismiss a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Gonzales v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009)) (internal quotation marks omitted). The Supreme Court in *Iqbal* explained that *Twombly* promulgated a "two-pronged approach" to determine whether a complaint states a plausible claim for relief. *Iqbal*, 129 S.Ct. at 1950. First, courts must identify those pleadings that "because they are no more than conclusions, are not entitled to an assumption of truth." Id. Legal conclusions must be supported by factual allegations." Id.

"Threadbare recitals of the elements of the cause of action supported by mere conclusory statements, do not suffice." *Id*. at 1949.

Upon identifying the well-pleaded factual allegations, courts then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. at 1950. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The plaintiffs must "nudge[] their claims across the line from conceivable to plausible. *Twombly*, 550 U.S. at 570.

**II. Prescription Period**

Plaintiffs and Defendants dispute what is the applicable prescription period for the immediate claims. The claims arise under the Americans with Disabilities Act ("ADA"), Section 504 Rehabilitation Act ("Rehabilitation Act"), and 42 U.S.C. §1983, which do not include designated prescription periods. 29 U.S.C. § 794, 42 U.S.C. §§ 12101-12181, 42 U.S.C. §1983.

"When Congress does not establish a limitations period for a federal cause of action, the 'general rule' is that we borrow the

5

most analogous period from state law." *Frame v. City of Arlington*, 657 F.3d 215, 236 (5th Cir. 2011).

Defendants assert that the most analogous state law is that of tort law, for which the prescription period is one year. (Rec. Doc. No. 19-2 at 3). Plaintiffs assert that the most analogous law to apply is the Medicaid Act or La.R.S. 46:446.6. (Rec. Doc. No. 21 at 4,5). Plaintiffs argue that because, under the Medicaid Act, insurance companies have three years to submit claims, and the facts in the case most closely align to a claims process, that the Medicaid submission period should govern. *Id.*

This Court has previously concluded that claims arising from the ADA and Rehabilitation Act have the one-year prescription period as dictated by state tort law. *See e.g., Copper v. St. Martin Manor*, No. 97-499, 1998 U.S. Dist. LEXIS 1114, at *3 (E.D. La. Feb. 3, 1998); *Bastoe v. Burger King Corp.,* No. 94-3002, 1995 U.S. Dist. LEXIS 8630, at *3 (E.D. La. June 21, 1995). Furthermore, the submission deadline for claims by an insurance company is not sufficiently analogous to a statute of limitations to serve as the prescription period for the claims. *Id.* ("In Louisiana, the statute of limitation most analogous to a claim under the Rehabilitation Act is Louisiana's one-year statute of limitations for delictual actions set forth in Louisiana Civil Code Article 3492."). Thus, the applicable prescription period is one year.

Furthermore, "the federal standard provides that the claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." *Jackson v. Johnson*, 950 F.2d 263, 265 (5th Cir. 1992). Therefore, because Plaintiffs' funding requests were denied in 2008 and 2009, the prescription period began accruing at that time and had run when the instant complaint was filed on December 30, 2011. Thus, all of Plaintiffs' claims with the denial of funding as their factual basis are prescribed.

**III. Pattern or Practice and Continuing Violation**

Plaintiffs urge, however, that the complaint included claims of relief based on Defendant's alleged pattern or practice of refusing access to the prior authorization process and failure to respond to a Medicaid claim, which amounted to a departmental policy in violation of federal law. (Rec. Doc. No. 21 at 7,8). This practice, Plaintiffs argue, would constitute a continuing violation, and prescription would not have run as long as the policy was being enforced. *Id.*

Typically addressed in discrimination cases, continuing violations "involve[] a continuing system of discrimination where the cumulative effect of the discriminatory practice and not a discrete occurrence gives rise to the cause of action." *Scott v. Causey*, No.99-1806, 2000 U.S. Dist. LEXIS 14873, at *6 (E.D. La.

7

Oct. 4, 2000). "To establish that a claim falls within the continuing violation theory, the Plaintiff must do two things. First, he must demonstrate that at least one act occurred within the filing period. Next, the plaintiff must establish the the alleged wrong is more than the occurrence of isolated or sporadic acts." *Brooks v. Menifee,* No.CV07-0131-A*,* 2010 U.S. Dist. LEXIS 143929, at *8-9 (W.D. La. Sept. 27, 2010).

Moreover, when the continuing violation is a policy, the Fifth Circuit has specifically indicated that "a plaintiff must show some application of the illegal policy to him within the [prescription period] preceding the complaint." *Abrams v. Baylor College of Medicine*, 805 F.2d 528, 533 (5th Cir. 1986).

In the complaint, Plaintiffs allege a series of actions by Defendants including: (1) the denial of the funding requests; (2) refusal to make the prior authorization process available to them; (3) an unreasonable denial of a Freedom of Information Act request; and (4) a failure to provide any response to the claims submitted to Medicaid, which they urge would establish a pattern and practice, enough to be a continuing violation. (Rec. Doc. No. 21 at 7, 8). The record demonstrates that the denials of funding requests happened outside of the prescription period so those events, independently, can not serve as the "one act occurring within the filing period." *Brooks,* No.CV07-0131-A, 2010 U.S. Dist. LEXIS 143929, at *8-9. Furthermore, Plaintiffs assertion

8

that Defendants (1) refused to make the prior authorization process available; (2) failed to respond to a Medicaid claim within a reasonable amount of time; and (3) unreasonably denied a Freedom of Information Act request have not been pled with enough specificity for this Court to determine if they occurred within the prescriptive period. To the extent that Defendants alleged conduct constituted malfeasance in violation of federal law, Plaintiffs must plead such with enough specificity to determine that these acts, at a minimum, took place within the prescriptive period. *Iqbal*, 129 S.Ct. at 1949.

Because Plaintiffs have not "demonstrated at least one act during the filing period" that would constitute a violation, they cannot demonstrate a continuing violation to extend the prescriptive period. *Id.*

## CONCLUSION

Accordingly, and for the reasons articulated above, **IT IS ORDERED** that Defendant's Motion to Dismiss be **GRANTED** without prejudice.

New Orleans, Louisiana, this 29th day of May, 2012.

_____
UNITED STATES DISTRICT JUDGE

9